Clerk, U.S. District Court
Southern District of Texas
FILED
AUG 13 2015
David J. Bradley, Clerk of Court

Dear Hon. Judge Jack       8-2-2015

    I'm writing this to request that you please reconsider giving me a recommendation to the BOP to consider granting me early release for my current participation in RDAP.

    I make such a request since in your previous order dated on the 22nd day of June, 2015, it sounded as if you thought I was requesting a court order "directing" the BOP to give me time off. However, and with all due respect, this is not what I was hoping for since it isn't permitted by law.

    Personally, I'm kindly asking for a recommendation that would encourage the BOP to consider using their discretion and grant me time off, which other judges have ordered (see enclosed order from U.S. v. Keup).

    Additionally, I especially make this request since internal policies are being revised to permit offenders like me to receive early release for RDAP despite having a gun enhancement (see enclosed email from attorney Jeremy Gordon).

    Therefore, I would appreciate it if you could thoughtfully consider making this recommendation. Thanks again for your time on this matter.

Sincerely,
Ronald Coulombe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER JOSEPH KEUP,<br><br>Defendant. | 8:13CR45<br><br>ORDER |

This matter is before the court on the defendant's motion to reduce his sentence. Filing No. 65. The United States Probation Office has filed a retroactive sentencing worksheet that states the defendant was sentenced to a statutory mandatory minimum sentence and confirms the defendant's ineligibility for the reduction under Amendment 782. Filing No. 67 (restricted).

The United States Sentencing Commission recently revised the United States Sentencing Guidelines ("USSG") applicable to drug trafficking offenses by changing how the base offense levels in the drug quantity tables incorporate the statutory mandatory minimum penalties for such offenses. Amendment 782 (sometimes called the "drugs minus two" or the "2014 drug guidelines amendment") reduces offense levels assigned in the Drug Quantity Table by two levels, resulting in lower guideline ranges for many drug trafficking offenses. *See Federal Register Notice of Final Action Regarding Amendment to Policy Statement §1B1.10*, Effective November 1, 2014, 79 Fed. Reg. 25996 (May 6, 2014); available at www.ussc.gov.

http://www.ussc.gov/amendment-process/federal-register-notices. The proposed amendment went into effect on November 1, 2014. *Id.*

The court is statutorily precluded from applying a federal sentencing guideline amendment retroactively unless the United States Sentencing Commission designates an amendment for retroactive application. 18 U.S.C. § 3582(c)(2); *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). The Sentencing Commission has given retroactive effect to the amendment. *Id.* at 1; *see* U.S.S.G. 1B1.10.

However, the court finds the defendant cannot benefit from Guideline Amendment 782, because the amendment does not "have the effect of lowering [his] applicable guideline range" because he was sentenced to a statutory mandatory minimum term. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n. 1(A) (stating "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). When the statutory required mandatory minimum is greater than the applicable guideline range, the statutory mandatory minimum is the guideline sentence. U.S.S.G. § 5G1.1(b).

Unfortunately for the defendant his current sentence of 60 months is not "based on a sentencing range that has been subsequently lowered by the commission." *See* 18 U.S.C. § 3582(c)(2). Because the defendant's sentence is set at the statutory mandatory minimum of 60 months, his sentence is dictated by statute and not affected by any change in the base offense level of the advisory guidelines. Accordingly, the defendant is not entitled to any sentence reduction under Amendment 782.

IT IS HEREBY ORDERED:

1. The defendant's pro se motion for a reduction in sentence (<u>Filing No. 65</u>) is denied.

2. The defendant's request for early release under the RDAP program and the Second Chance Act, 18 U.S.C. sec. 3624(c)(1) is recommended to the Bureau of Prisons. The defendant was not in possession of a firearm relative to this offense as per the plea agreement and the Presentence Investigation Report.

3. The Clerk's Office is directed to mail a copy of this order to the appropriate official at Plaintiff's institution.

Dated this 1st day of July, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
Senior United States District Judge

TRULINCS 25371047 - KEUP, TYLER JOSEPH - Unit: FOR-H-B
---

FROM: Gordon, Jeremy
TO: 25371047
SUBJECT: Newsletter - July 24, 2015
DATE: 07/25/2015 03:07:29 AM

INTRODUCTION

PRISON NEWS DESK

DEAR JEREMY

WORD OF THE WEEK   precedent

INTRODUCTION

Thank you for subscribing to my weekly newsletter. Please continue to encourage others to subscribe by adding info@topfederallawyer.com to your contact list. If you are interested in hiring me to work on something for you, please add INFO@GORDONDEFENSE.COM to your email list. Your friends and family can request an appointment to speak with me about your case by visiting the appointment link at the top of my website, www.gordondefense.com. The email address info@topfederallawyer.com is used exclusively for the newsletter.

FROM THE NEWS DESK

(BOP PROPOSES RDAP RULE CHANGES)

The big news this week is the Bureau of Prisons proposed regulations concerning the Residential Drug Abuse Program, or RDAP for short. The BOP is proposing three changes. The first change relates to expulsion from the RDAP. Current rules requires inmates to be automatically expelled if found guilty by the DHO of a prohibited act or "shot" "involving alcohol, drugs, violence, escape, or any 100-level series incident." The proposed rule will make expulsion from RDAP for these reasons discretionary.

Next, the proposed rule will make more inmates eligible for early release. For instance, current rules bar inmates with misdemeanor or felony priors for:

(i) Homicide (including deaths caused by recklessness, but not including deaths caused by negligence or justifiable homicide);
(ii) Forcible rape;
(iii) Robbery;
(iv) Aggravated assault;
(v) Arson;
(vi) Kidnaping; or
(vii) An offense that by its nature or conduct involves sexual abuse offenses committed upon minors

Under the proposed rule, prior convictions in these categories that are MORE THAN TEN YEARS OLD before the date of sentencing would no longer disqualify a person from eligibility.
Finally, the proposal amends a rule related to "Inmates who have been convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section." This is where individuals with two-level gun enhancements COULD potentially be affected. According to the BOP, its revised rule would "preclude only those inmates whose prior conviction involved direct knowledge of the underlying criminal activity and who either participated in or directed the underlying criminal activity."

The actual language of the proposed rule is at the bottom of this email. You have the right to submit comments on the proposed rule, and I encourage you to do so.

Written comments should be submitted to the Rules Unit, Office of General Counsel, Bureau of Prisons, 320 First Street NW., Washington, DC 20534.

(UPDATE ON SAFE ACT   FROM THE DAILY CALLER)
Republican Rep. Jim Sensenbrenner pointed out a big obstacle for the brewing criminal justice reform effort at a public briefing Thursday.

⇔64910-279⇔
Ronald Coulombe
Reg # 64910-279
P.O. Box 9000
Forrest CITY, AR 72336
United States

⇔64910-279⇔
Judge Janis Jack
1133 N. Shoreline Blvd. Ste. 320
CORP Christi, TX 78401
United States

David J. Bradley, Clerk of Court

AUG 13 2015

FILED
Clerk, U.S. District Court
Southern District of Texas